United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHALOREA ROBINSON, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-04003 |
| UBER TECHNOLOGIES, INC., RAISER, LLC, | § § § § | |
| Defendants. | § § § § | |

## ORDER

Pending before the Court is Defendants' Uber Technologies, Inc. ("Uber") and Raiser, LLC's ("Raiser") (collectively the "Uber Defendants") Motion for Summary Judgment. (Doc. No. 17). Plaintiff Shalorea Robinson ("Robinson" or "Plaintiff") did not respond. The Court having considered the Motion, the evidence, and the law, hereby grants Uber Defendants' Motion for Summary Judgment. (Doc. No. 17).

### I. Background

This lawsuit arises out of an alleged assault of Plaintiff by an unknown individual. The night before the incident Plaintiff was out with her friends. After several drinks, Plaintiff was taken to her friend's house so that she could sleep safely. Plaintiff was at her friend's house for approximately one hour when she decided to call an Uber to take her to her boyfriend's home. At approximately 3:00 a.m., Jesus Ulmer, Jr. ("Ulmer"), who worked for Uber, accepted Plaintiff's ride request through the Uber App and arrived at the apartment complex where Plaintiff requested to be picked up. It is unclear why, but Ulmer dropped Plaintiff off at an Exxon gas station at about 3:30 a.m.

Plaintiff exited Ulmer's vehicle and walked into the gas station. Her phone's battery was dead, and she asked the clerk if she could use a charger to recharge her phone. The clerk denied her request, and Plaintiff decided to start walking. Eventually, after over an hour of walking, she accepted a ride from a man she did not know. Robinson was subsequently assaulted by this man. After the incident, Plaintiff immediately notified authorities of the assault and sought medical treatment for her injuries.

Plaintiff brought this lawsuit against Uber, Raiser (a subsidiary that is responsible for collecting the income from the ridesharing business of Uber), and Ulmer,[1] claiming the Defendants were negligent and "invok[ing] the doctrine of Respondent (sic) Superior as against Defendant Uber Technologies, Inc. and Raiser, LLC." (Plaintiff's Amended Complaint, Doc. No. 13 at ₱ 25). Uber Defendants filed a Motion for Summary Judgment. Plaintiff did not respond to the Motion.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[1] Despite over a year passing since commencement of this lawsuit, Plaintiff has not served Ulmer. Therefore, Ulmer is not a party to this lawsuit.

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. Id.

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). Since granting summary judgment based solely on the local rules and Defendant's failure to respond would be improper, this Court will address the merits of the motions.

### III. Discussion

Defendants argue that "no individuals involved in this incident were logged onto the Uber App" and that the "summary-judgment evidence conclusively shows that Ulmer was not online on the Uber App when the incident allegedly occurred." (Doc. No. 17 at 2). Based on those facts,

3

Uber Defendants also contend they "owed no duty to Plaintiff under Texas law." (Doc. No. 17 at 3). Plaintiff did not respond to Defendant's Motion.

The undisputed summary judgment evidence confirms Uber Defendants' arguments. Uber Defendants served several Requests for Admission to Plaintiff over six months ago. To date, as far as the Court can tell, Plaintiff has not responded to the Requests. As such, all unanswered requests are deemed admitted. Fed. R. Civ. P. 36(a); *see Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir.1991) ("Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). In pertinent part, Plaintiff admitted that she "had consumed between 7-10 alcoholic drinks within the 4 hours before the incident" (Doc. No. 17-3 at ¶ 3); she was "intoxicated the morning of the incident between the hours of 3:30 am and 5:00 am" (Doc. No. 17-3 at ¶ 6); she "voluntarily left the gas station where [she] subsequently accepted a ride from a stranger in a pickup truck" (Doc. No. 17-3 at ¶ 10); and the "incident occurred approximately 1.5 hours after being dropped off by Defendant Jesus Ulmer, Jr." (Doc. No. 17-3 at ¶ 11). Moreover, the evidence shows that it was an unknown induvial who offered her a ride and allegedly sexually assaulted her. (*See* Plaintiff's Amended Complaint, Doc. No. 13 at ¶ 9) ("an unknown individual offered her a ride and subsequently sexually assaulted her"). There is no evidence that the unknown individual was employed by or affiliated in any fashion with the Uber Defendants.

In sum, the Plaintiff has failed to show how the Uber Defendants owed her a duty or how they acted negligently under the circumstances. Given Plaintiff's admissions and Plaintiff's failure to present evidence to the contrary, summary judgment is proper. Accordingly, the Court grants Defendants Uber and Raiser's Motion for Summary Judgment. (Doc. No. 17).

## IV. Conclusion

For the aforementioned reasons, Defendant's Motion for Summary Judgment is granted. (Doc. No. 17).

Signed at Houston, Texas, this 7th day of July, 2023.

Andrew S. Hanen